NOT FOR PUBLICATION                                            (Doc. No. 11)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
                                    :
MARK MARIAS, et al.,                :
                                    :
            Plaintiffs,             :    Civil No. 14-4986 (RBK/JS)
                                    :
      v.                            :    **OPINION**
                                    :
BANK OF AMERICA, N.A., et al.,      :
                                    :
            Defendants.             :
_____ :

**KUGLER**, United States District Judge:

This matter comes before the Court on the Motion of Bank of America, N.A. ("BOA") and Nationstar Mortgage, LLC (collectively "Defendants") to dismiss the Amended Complaint of Mark and Renee Marias (collectively "Plaintiffs"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Plaintiffs are suing in tort, alleging that BOA negligently processed Plaintiffs' loan modification request. For the reasons stated herein, Defendants' Motion is **GRANTED**.

**I.    BACKGROUND AND PROCEDURAL HISTORY[1]**

---

[1] On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). Accordingly, the following facts are taken from Plaintiffs' Amended Complaint.

Plaintiffs executed a mortgage with BOA for their Medford, New Jersey residence on October 9, 2006. (Am. Compl. ¶¶ 7-8.)[2] Plaintiffs remained current on their mortgage payments until January 2009, when Mr. Marias contacted BOA about a mortgage modification out of concern that his employer would reduce his income amidst a faltering economy.[3] (Id. at ¶¶ 9-11.) Mr. Marias spoke with BOA representative Tammy, who informed him that BOA could not review their mortgage for a modification unless Plaintiffs stopped making mortgage payments. (Id. at ¶ 11.) Tammy also stated that Plaintiffs would qualify for a modification pursuant to a new federal program.[4] (Id.) Although Plaintiffs were "concern[ed]" by Tammy's advice, she assured them they would not be considered in default during the modification process. (Id.)

Following the BOA representative's advice, Plaintiffs did not make mortgage payments for January or February of 2009. (Id. at ¶ 12.) Consequently, BOA considered Plaintiffs' loan in default as of January 31, 2009, thereby damaging Plaintiffs' credit rating. (Id. at ¶ 15.) BOA offered Plaintiffs a partial payment plan for February through May of 2009, and Plaintiffs made all payments under this plan. (Id. at ¶¶ 16-21.) Soon after developing the partial payment plan, BOA sent a letter dated February 26, 2009, informing Plaintiffs they were in foreclosure, although BOA representative Tammy told Mr. Marias by phone to ignore this or any other foreclosure notices. (Id. at ¶ 22.) BOA approved Plaintiffs for a permanent mortgage modification on May 28, 2009, and the parties executed the agreement at a Medford, New Jersey BOA branch on June 2, 2009. (Id. at ¶¶ 24-25.) Plaintiffs made timely payments for August,

---

[2] Plaintiff filed two substantively identical Amended Complaints on the same date. (See Doc. Nos. 9, 10.) All citations to the Amended Complaint in this Opinion refer to Doc. No. 10.

[3] In his Certification attached to the Amended Complaint, Mr. Marias states that this contact with BOA actually occurred around November 2008. (Marias Certification ¶ 3.)

[4] Plaintiffs presumably refer to the Home Affordable Modification Program ("HAMP") under the U.S. Treasury Department. See 12 U.S.C. § 5219.

2

September, and October of 2009, pursuant to the modification. (Id. at ¶ 26.) Still, BOA continued to report Plaintiffs as delinquent throughout this period.[5] (Id. at ¶ 27.)

During the final three months of 2009, Plaintiffs contacted BOA several times to determine the correct monthly payment amount. (Id. at ¶¶ 30-35.) During the first week of October 2009, a BOA representative at first stated that Plaintiffs' October payment pursuant to the mortgage modification was insufficient and returned. (Id. at ¶ 30.) Later, the same representative stated BOA had placed the payment in a holding account waiting for loan modification approval. (Id.) Confused over how to make the November payment, Mr. Marias contacted BOA and spoke with representative Tammy. (Id. at ¶ 31.) She advised him to withhold payment until the confusion was resolved. (Id.) When Mr. Marias attempted to follow up with Tammy approximately one week later, a BOA representative informed him that Tammy did not exist. (Id. at ¶ 32.) Skeptical, Plaintiffs simply mailed a November payment pursuant to the modification on November 27, 2009. (Id. at ¶ 33.) Plaintiffs made a final payment pursuant to the modification on December 1, 2009 and remain unsure of this payment's status. (Id. at ¶ 34.) Since then, BOA has refused to accept Plaintiffs' payments, continued to threaten foreclosure, and failed to correct errors. (Id. at ¶¶ 35, 45.)

Plaintiffs filed suit against Defendants in the District of New Jersey on December 4, 2013, alleging a violation of the federal Fair Credit Reporting Act, violations of the New Jersey Consumer Fraud Act, fraudulent misrepresentation, breach of fiduciary duty, and unjust enrichment. (See Civ. No. 13-7280, Doc. No. 1.) After Defendants moved to dismiss, Plaintiffs voluntarily dismissed its action pursuant to Fed. R. Civ. P. 41(a)(1) on April 7, 2014. (Id. at Doc. No. 6.) Plaintiffs filed the instant action on August 8, 2014, alleging a violation of the

---

[5] For example, BOA sent to Plaintiffs a "Notice of Intent" to foreclose letter dated September 4, 2009, stating that Plaintiffs were in default $26,091.78, and requiring a $31,117.70 cure amount. (Id. at ¶ 29.)

3

federal Real Estate Settlement Procedures Act, negligence, and punitive damages. (Doc. No. 1.) After Defendants moved to dismiss, Plaintiffs filed an Amended Complaint on December 19, 2014, alleging only negligence. (Doc. Nos. 8-10.) Defendants now move to dismiss the Amended Complaint.[6] (Doc. No. 11.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips, 515 F.3d at 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To make this determination, a court conducts a three-part analysis. Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Id. (quoting Iqbal, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 131 (quoting Iqbal, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id. (quoting Iqbal, 556

---

[6] In response to Defendants' Motion to Dismiss, the Court received Plaintiffs' Brief in Opposition and Defendants' Reply in Support. (Doc. Nos. 12-13.) Plaintiffs also filed a sur-reply without the Court's permission. (See Doc. Nos. 14-16.) The Court disregards this sur-reply pursuant to L. Civ. R. 7.1(d)(6), which states, "No sur-replies are permitted without permission of the Judge or Magistrate Judge to whom the case is assigned."

U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. Id.

### III.  DISCUSSION

Defendants argue that Plaintiffs' negligence claim should be dismissed because Plaintiffs have not pled the existence of a duty of care that Defendants owed to them. (Defs.' Br. 5-6.) They further argue that the Court should award them costs for Plaintiffs' previous voluntarily dismissed action, pursuant to Fed. R. Civ. P. 41(d)(1). (Defs.' Br. 6-7.) The Court considers these arguments in turn.

####   A.   Negligence Claim

Defendants argue that Plaintiffs do not allege the existence of a duty of care owed to them by Defendants, a necessary element of a negligence claim. Even construing all facts in favor of Plaintiffs, the Court agrees with Defendants.

In New Jersey, the elements of a cause of action for negligence are: (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty; (3) proximate cause; and (4) actual damages. Polzo v. Cnty. of Essex, 196 N.J. 569, 584 (2008). The determination of whether a duty of care exists is "quintessentially a question of law for the court." Highlands Ins. Co. v. Hobbs Grp., LLC, 373 F.3d 347, 351 (3d Cir. 2004). Because Plaintiffs' negligence claim fails on duty, the Court need not consider whether Plaintiffs' allegations with respect to the second, third, and fourth elements would survive this Motion to dismiss.

When a plaintiff asserts a tort remedy arising from a contractual relationship, the economic loss doctrine precludes recovery unless the defendant owes an independent duty

5

imposed by law.  Park v. M & T Bank Corp., No. 09-2921, 2010 WL 1032649, at *6 (D.N.J. Mar. 16, 2010); Shinn v. Champion Mortg. Co., No. 09-00013, 2010 WL 500410, at *4 (D.N.J. Feb. 5, 2010); Perkins v. Wash. Mut., FSB, 655 F. Supp. 2d 463, 471 (D.N.J. 2009); Saltiel v. GSI Consultants, Inc., 170 N.J. 297, 316 (2002).  An independent duty does not exist unless the duty is "separate and apart" from the contractual obligations between the parties.  Saltiel, 170 N.J. at 314; see also Perkins, 655 F. Supp. 2d at 471 (holding that the economic loss doctrine barred the mortgagor's negligence claim against a mortgagee bank because the bank did not owe the mortgagor a duty outside of their contractual relationship).

In New Jersey, it is well established that when the contractual relationship is between a lending bank and a borrower, a creditor bank "does not owe a duty of care to a borrower, even if the borrower is a consumer."  Stolba v. Wells Fargo & Co., No. 10-6014, 2011 WL 3444078, at *5 (D.N.J. Aug. 8, 2011) (quoting Shinn, 2010 WL 500410, at *4) (dismissing the borrowers' negligent processing claim arising out of HAMP because the creditor bank did not owe its borrowers a duty).  Even if a creditor bank voluntarily counsels a borrower on its loan, the bank does not take on a specific independent duty imposed by law, and thus, the bank is not liable in tort to the borrower.  Bijeau-Seitz v. Atl. Coast Mortg. Servs., Inc., No. 12-6372, 2013 WL 3285979, at *6 (D.N.J. June 28, 2013).  In Bijeau-Seitz, this Court held that a creditor bank neither owed the borrower plaintiffs a duty to service their loan properly that would make them liable in tort, nor did it assume an independent duty after voluntarily providing financial advice to plaintiffs seeking a mortgage modification, and dismissed the negligence claim with prejudice.  Id.; see also Allison v. J.P. Morgan Chase Bank, N.A., No. 11-0342, 2012 WL 4633177, at *13 (E.D. Tex. Oct. 2, 2012) (dismissing a mortgagor's negligence claim against the mortgagee bank

because the bank owed the mortgagors no independent duty, even though the bank counseled the mortgagor to miss two payments to qualify for a modification program).

Here, the economic loss doctrine bars Plaintiffs from recovering in tort because they have not sufficiently pled facts that BOA owed them an independent duty outside of its contractual relationship.  Plaintiffs argue that Defendants owed Plaintiffs two distinct duties, which is supported by their pleadings.  First, Plaintiffs allege that BOA created a "special/confidential relationship" with Plaintiffs that was "separate and apart from the Mortgage contract" when BOA "willing[ly] and purposeful[ly]" stepped out of its role as traditional lender and counseled Plaintiffs to stop making mortgage payments.  (Am. Compl. ¶¶ 13, 52, 54, 58.)  Specifically, Plaintiffs state that BOA representative Tammy's conduct gave BOA a "duty to give accurate and truthful information" regarding loan and default status "in light of the gravity of the foreseeable harm to them."  (Id. at ¶¶ 14, 41, 53, 55.)  Second, Plaintiffs allege that BOA "owed Plaintiffs a duty to service their loan properly."  (Id. at ¶ 57.)

Plaintiffs' argument is indistinguishable from that of the Bijeau-Seitz plaintiffs who attempted to "circumvent" the "established principle" that creditors do not owe a duty of care to borrowers by arguing that the defendant bank voluntarily undertook a fiduciary duty when it provided plaintiffs with financial advice.  See Bijeau-Seitz, 2013 WL 3285979, at *6.  As in Bijeau-Seitz, in this case BOA did not create a "special/confidential relationship" that plausibly creates an independent duty owed to Plaintiffs that fits within the economic loss doctrine's exception.  Further, this Court has expressly rejected Plaintiffs' second asserted duty—that BOA owed a duty to service Plaintiffs' loans properly—in Bijeau-Seitz, as have other courts in this jurisdiction.  See Stolba, 2011 WL 3444078, at *5; Shinn, 2010 WL 500410, at *4.

7

The cases Plaintiffs cite to support their position do not involve negligence claims. Plaintiffs argue that their situation fits alongside a distinct line of cases identified in United Jersey Bank v. Kensey. In these cases, courts held banks liable to customers for "gross acts of misconduct and deceit" or in "special circumstances" where "the bank knows or has reason to know that the customer is placing his trust and confidence in the bank and relying on the bank . . . to counsel and inform him."[7] Kensey, 306 N.J. Super. 540, 554 (App. Div. 1997) (quoting Parker v. Columbia Bank, 91 Md. App. 346, 369 (Md. Ct. Spec. App. 1992)). Importantly, both Kensey and the examples Kensey cites in this line of cases involve claims of fraud, not negligence. Id. at 554-57. The Court is not willing to buck the weight of authority in this jurisdiction that has dismissed factually similar negligence claims.[8] Consequently, because Plaintiffs cannot establish as a matter of law that BOA owed them a duty of care, the Court will dismiss Plaintiffs' negligence claim with prejudice.

### B. Rule 41(d) Costs of Previous Action

Defendants also argue that the Court should award them costs for Plaintiffs' previous voluntarily dismissed action, pursuant to Fed. R. Civ. P. 41(d). Rule 41(d) provides that, "If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant," the court may order the plaintiff to pay full or partial costs of the previous action. Fed R. Civ. P. 41(d)(1). "[T]he purpose of Rule 41(d) [is] to protect the defendant from financing duplicitous and vexatious litigation." Anders v. FPA Corp.,

---

[7] These cases involve "egregious breaches of the lender's duty of good faith and fair dealing" where "the bank actively encourage[s] the plaintiff to rely upon its advice and conceal[s] its self-interest," acting "no better than common swindlers." Kensey, 306 N.J. Super. 540, 557 (App. Div. 1997). "In less egregious circumstances, however, the courts have found no duty on the part of lenders to disclose information." Id.

[8] Plaintiffs also support their argument by citing to a multi-district litigation case relating to HAMP in which the court denied a motion to dismiss claims for breach of contract and state deceptive acts and practices. In re JP Morgan Chase Mortg. Modification Litig., 880 F. Supp. 2d 220, 233-38 (D. Mass. 2012). Again, this case is distinguishable because Plaintiffs filed suit alleging negligence.

8

164 F.R.D. 383, 387 (D.N.J. 1995). The Rule is also intended to prevent "forum shopping[ ] and attempts to gain tactical advantage[s]." Ross v. Infinity Ins. Co., No. 12-5050, 2013 WL 2495114, at *2 (E.D. Pa. June 10, 2013). The Rule is discretionary and costs should be awarded only when the circumstances of the case warrant such a sanction. Id. (citing Esquivel v. Arau, 913 F. Supp. 1382, 1387-88 (C.D. Cal. 1996).

While the causes of action alleged in both cases are distinct, a review of the complaints reveals that the lawsuits are based on substantially the same operative facts against the same defendants, and thus Rule 41(d) is applicable. Nonetheless, the Court does not find an award of costs appropriate. No forum shopping has taken place here as Plaintiffs have filed this second lawsuit in the same jurisdiction as the first. The Court cannot detect any significant tactical advantage to Plaintiffs by dismissing the first suit. Plaintiffs' current filing achieves the same purpose as if they had filed a motion for leave to amend their complaint in the first lawsuit, with minimal extra cost to Defendants, whose motion to dismiss in the first case remained unopposed. Moreover, as discussed above, the Court is granting Defendants' motion to dismiss the current action. Because neither case progressed beyond the initial pleadings and minimal time has been spent addressing dispositive motions, the Court will decline to award costs to Defendants.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion to dismiss is **GRANTED**, and Plaintiffs' negligence claim against Defendants shall be dismissed with prejudice.[9] An appropriate Order shall issue.

---

[9] The Court dismisses with prejudice because it concludes that any amendment would be futile. See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) ("[E]ven when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile.").

Dated: 7/1/2015	s/ Robert B. Kugler
	ROBERT B. KUGLER
	United States District Judge